```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

| | | |
|---|---|---|
| Curtis and Delores Gans, | : | |
| Plaintiffs | : | Case No. 2:05-cv-877 |
| v. | : | |
| | | Judge Sargus |
| Ronald Anderson and Janet Davis, | : | |
| | | Magistrate Judge Abel |
| Defendants | : | |

**Report & Recommendation**

This matter is before the Magistrate Judge on the submission of summons and process forms by plaintiffs. Plaintiffs have submitted forms to serve summonses on Sharon Shemaker and the Ohio Civil Rights Commission. Neither of these parties were named as defendants in plaintiffs' complaint. In fact, the complaint fails to make any allegations with respect to Ms. Shemaker's identity or conduct whatsoever.

With respect to the Ohio Civil Rights Commission, the complaint simply states that plaintiffs disagreed with the outcome of its investigation. Section 3604 of Title 42 of the United States Code defines prohibited discriminatory practices in the sale or rental of housing. Plaintiffs have not identified any conduct on behalf of the Ohio Civil Rights Commission that constitutes a prohibited practice.

Rule 8(a) of the Federal Rules of Civil Procedure requires a pleading to contain

"a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) & (2).  Here, plaintiffs have done neither with respect to Ms. Shemaker and the Ohio Civil Rights Commission. Therefore, plaintiffs have failed to state a claim upon which relief can be granted with respect to Sharon Shemaker and the Ohio Civil Rights Commission.  The Clerk of Court is DIRECTED to not serve summonses and the complaint on Sharon Shemaker and the Ohio Civil Rights Commission.  Plaintiffs are DIRECTED to file the charge of discrimination they filed with Ohio Civil Rights Commission with the Clerk of Court within 10 days of this Report and Recommendation.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/ Mark R. Abel
United States Magistrate Judge
