IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Curtis and Dolores Gans, | : |
| Plaintiffs | : Case No. 2:05-cv-877 |
| v. | : Judge Sargus |
| Ronald Anderson and Janet Davis, | : Magistrate Judge Abel |
| Defendants | : |

**ORDER**

This matter is before the Court on plaintiffs Curtis and Dolores Gans' October 12, 2005 objections to the Magistrate Judge's September 28, 2005 Report and Recommendation (doc. 6). Upon *de novo* review as required by 28 U.S.C. § 636(b)(1)(B), the Court ADOPTS the September 28, 2005 Report and Recommendation.

Plaintiffs Curtis and Dolores Gans' October 12, 2005 motion for legal counsel (doc. 8) is also DENIED. A litigant has no constitutional right to be represented by counsel when his personal freedom is not at issue as in this case. *Lassiter v. Department of Social Services*, 452 U.S. 18, 26-27 (1981). The appointment of counsel in a civil case under 28 U.S.C. §1915(e) is within the sound discretion of the district court. *Kennedy v. Meachum*, 540 F.2d 1057, 1062 (10th Cir. 1976); *Alexander v. Ramsey*, 539 F.2d 25, 26 (9th Cir. 1976); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). It is a privilege, not a right. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). Factors to consider are (1) whether the litigant has a colorable claim, *Hyman v. Rickman*, 446 U.S. 989, 992 (1980)(Blackmun, J., dissenting from a denial of a *writ of*

*certiorari*); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985); (2) whether he is able to adequately investigate the facts, *Merrit v. Faulkner*, 697 F.2d 761, 765 (7th Cir., *cert. denied*, 464 U.S. 986 (1983)); *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981); (3) whether he lacks the capacity to represent himself, *Merritt v. Faulkner*, 697 F.2d at 888; *Gordon v. Leake*, 574 F.2d 1147, 1153 (4th Cir. 1978); (4) whether there is conflicting testimony which could best be tested by counsel, *Maclin v. Freake*, 650 F.2d at 888; and (5) the complexity of the legal issues raised. *Merritt v. Faulkner*, 697 F.2d at 765; *Maclin v. Freake*, 650 F.2d at 888-89.

An important factor in determining whether to appoint counsel is the plaintiff's chance of success on the merits. *Lavado v. Keohane*, 922 F.2d 601, 605 (6th Cir. 1993); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).

Here plaintiffs have failed to demonstrate that they lack the capacity to represent themselves or that the case involves such complex factual or legal issues that he cannot prosecute his own claim. Further, it is premature at this stage of the proceedings, to determine whether plaintiffs have a substantial chance of success on the merits.

11-9-2005

Edmund A. Sargus, Jr.
United States District Judge